FILED
United States Court of Appeals
Tenth Circuit

March 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN GONZALEZ BARRAZA,

    Defendant - Appellant.

No. 13-5101
(D.C. No. 4:13-CR-00047-CVE-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL** and **MATHESON**, Circuit Judges.

Juan Gonzalez-Barraza pled guilty to illegal reentry in violation of 8 U.S.C.

§§ 1326(a) and 1326(b)(2).  The Presentence Investigation Report ("PSR") assigned Mr.

Gonzalez-Barraza a Sentencing Guidelines (the "Guidelines") range of 30 to 37 months,

in part because of a finding that he illegally reentered the United States in 2000 while

serving a sentence of supervised release.  *See* U.S.S.G. §§ 2L1.2(b)(1)(B) (increasing

---

    * After examining Appellant's brief and the appellate record, and in accord with the court's order dated February 11, 2014, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).   The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

base offense level "by 12 levels if the conviction receives criminal history points under Chapter Four"), 4A1.1(d) (assigning two criminal history points "if the defendant committed the instant offense while under any criminal justice sentence, including . . . supervised release"). At the sentencing hearing, Mr. Gonzalez-Barraza's counsel neither objected to the PSR nor sought a variance or downward departure from this range. Instead, counsel merely requested a sentence at the bottom of Mr. Gonzalez-Barraza's Guidelines range. Adopting the PSR's findings of fact, the district court sentenced Mr. Gonzalez-Barraza to 30 months in prison, to be followed by three years of supervised release. Mr. Gonzalez-Barraza timely filed a pro se notice of appeal. This court appointed him counsel under the Criminal Justice Act. *See* 18 U.S.C. § 3006A(c).

On this direct appeal, Mr. Gonzalez-Barraza argues he received ineffective assistance from sentencing counsel in two respects. First, he asserts his lawyer should have objected to the "unsupported factual finding" in the PSR that he illegally reentered the country in 2000 while still on supervised release. Aplt. Br. at 11. This error, Mr. Gonzalez-Barraza contends, subjected him to a Guidelines range of 30 to 37 months when his range instead should have been 12 to 18 months. *See* Aplt. Br. at 12-13 (citing U.S.S.G. §§ 2L1.2(b)(1)(B), 4A1.2(e)(2)). Second, Mr. Gonzalez-Barraza argues his lawyer should have sought a downward variance or departure based on certain Guidelines provisions. *See* 18 U.S.C. § 3553(a); U.S.S.G. § 2L1.2 cmt. nn.7-8 (allowing for departures based on seriousness of a prior conviction and cultural assimilation). We decline to consider the merits of either claim.

"Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc); *accord Massaro v. United States*, 538 U.S. 500, 506 (2003). Only in "rare instances"—where the record requires no further development to aid our review—do we even consider such claims on the merits. *Galloway*, 56 F.3d at 1240. This is not one of those instances.

The record before us is not sufficiently developed to determine whether Mr. Gonzalez-Barraza's counsel rendered deficient performance and if so, whether such performance prejudiced Mr. Gonzalez-Barraza. Although Mr. Gonzalez-Barraza asserts "there was no evidence at all to corroborate the assertion that [he] had reentered the country in 2000," Aplt. Br. at 12, the record on appeal contains no evidence to the contrary. *See United States v. Trestyn*, 646 F.3d 732, 741 (10th Cir. 2011) ("The record before us is insufficient to enable meaningful appellate review of these claims."). Nor are we inclined to consider his claim in the absence of "an opinion by the district court on the subject in the first instance." *Galloway*, 56 F.3d at 1241; *see also Trestyn*, 646 F.3d at 741 ("The district court never had an opportunity to consider those claims, much less develop a record on the issue.").

Accordingly, Mr. Gonzalez-Barraza's claims of ineffective assistance are more appropriate for collateral review under 28 U.S.C. § 2255. Expressing no opinion on the

merits of these claims, we dismiss his instant appeal without prejudice to his right to raise them again in a collateral proceeding.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge